IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. SA07CA0274 |
| BAY ROCK OPERATING COMPANY, HOLLIMON OIL CORPORATION, FELICIANA CORPORATION, DUNCAN UNDERWOOD, EVERETT DeSHA, and SEELIGSON OIL COMPANY, LTD. | § § § § § § § | |
| Defendants. | | |

## ANSWER OF ST. PAUL SURPLUS LINES INSURANCE COMPANY AS SUBROGEE AND REAL PARTY IN INTEREST FOR HOLLIMON OIL CORPORATION, FELICIANA CORPORATION, DUNCAN UNDERWOOD, EVERETT DeSHA and SEELIGSON OIL COMPANY, LTD.

Defendant St. Paul Surplus Lines Insurance Company, as subrogee of Hollimon Oil Corporation and the real party in interest in Cause No. 2005ci03287; *Hollimon Oil Corporation, et al. v. Bay Rock Operating Company*, In the 45th Judicial District Court of Bexar County, Texas, (sued incorrectly in this lawsuit as Hollimon Oil Corporation), and defendants Feliciana Corporation, Duncan Underwood, Everett DeSha and Seeligson Oil Company, Ltd., file this Answer to Plaintiff's Original Complaint:

### Answer

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Original Complaint, and therefore deny them.

2.  Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2 of the Original Complaint, and therefore deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Original Complaint, and therefore deny them.

4. The allegations of paragraph 4 of the Original Complaint are admitted.

5. The allegations of paragraph 5 of the Original Complaint are admitted.

6. The allegations of paragraph 6 of the Original Complaint are admitted.

7. The allegations of paragraph 7 of the Original Complaint are admitted.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Original Complaint, and therefore deny them, but admit that the controversy appears to be between citizens of different states and that venue in the Western District is proper.

9. Defendants admit that Mid-Continent issued general liability policy 04-GL-000119051 to Bay Rock Operating Company for the policy period from June 30, 2003 to June 30, 2004, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Original Complaint, and therefore deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Original Complaint regarding the exact nature of the services provided by Bay Rock, but admit that Bay Rock was retained to design the Striebeck No. 1 Well, and to plan and supervise the drilling of the well, among other things. Defendants admit that Hollimon was the operator of the well, that Unison Drilling Company was the drilling contractor, and that a blowout occurred on or about August 6, 2003. All remaining allegations are denied.

11. Defendants admit that they have filed suit against Bay Rock in the 45th Judicial District Court of Bexar County, Texas; Case No. 2005ci03287, but deny that Hollimon Oil

Corporation is a plaintiff in that suit, or is properly a party to this lawsuit, as Defendant St. Paul Surplus Lines Insurance Company brought the state lawsuit as the subrogee of Hollimon Oil Corporation, and is the real party in interest.

12. The allegations of paragraph 12 of the Original Complaint are admitted.

13. Defendants admit the allegations of paragraph 13 of the Original Complaint but deny that they accurately reflect all of the allegations contained in the State Court petition.

14. The allegations of paragraph 14 of the Original Complaint are admitted.

15. The allegations of paragraph 15 of the Original Complaint are admitted.

16. The allegations of paragraph 16 of the Original Complaint are admitted.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Original Complaint, but admit that they are in possession of a reservation of rights letter from Mid-Continent to Bay Rock, and that Mid-Continent appears to be providing a defense to Bay Rock in the underlying lawsuit.

18. Defendants admit the allegations of paragraph 18 of the Original Complaint that Mid-Continent appears to be seeking a declaratory judgment on coverage for certain categories of damages sought against Bay Rock in the underlying lawsuit, but deny that such a declaratory judgment is appropriate or proper.

19. The allegations of paragraph 19 of the Original Complaint are denied.

20. Defendants admit the allegation of paragraph 20 of the Original Complaint that the petition in the state lawsuit seeks damages for breach of contract, but deny the remaining allegations of paragraph 20.

21. The allegations of paragraph 21 of the Original Complaint are denied.

22. The allegations of paragraph 22 of the Original Complaint are denied.

23. The allegations of paragraph 23 of the Original Complaint are denied.

24. The allegations of paragraph 24 of the Original Complaint are denied.

25. The allegations of paragraph 25 of the Original Complaint are denied.

26. There are no allegations in paragraph 26 of the Original Complaint that require an answer, but to the extent that they do, the allegations are denied. All allegations, requests for declarations and requests for damages following paragraph 26 are denied.

### Defenses

1. Plaintiff has sued Defendant St. Paul Surplus Lines Insurance Company in the wrong capacity as Hollimon Oil Corporation, because although Plaintiff purports to name as defendants the plaintiffs in the underlying state lawsuit, Hollimon Oil Corporation is not a party to the underlying state lawsuit. St. Paul Surplus Lines Insurance Company brought the underlying state lawsuit as the subrogee of Hollimon Oil Corporation, and is the real party in interest.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted in that the case or controversy may not be ripe for adjudication but may be dependent upon facts determined in the underlying action, and in that Defendants have no interest in the case or controversy unless and until they have secured a judgment against Bay Rock in the underlying action.

3. Plaintiff has failed to allege compliance with the conditions precedent to the insurance contract such that its right to enforce the terms, conditions, limitations and exclusions of the policy may be waived, impaired or barred.

4. Defendants reserve the right to raise any and all other defenses as they become known.

### Prayer

Defendants ask the Court to deny all relief requested by Plaintiff, to enter a declaratory

judgment that Plaintiff has a duty to defend and indemnify Bay Rock for all claims in the underlying state court lawsuit, to assess costs against Plaintiff, and to award Defendants all other relief to which they are entitled.

Respectfully submitted,

**WESTMORELAND HALL, P.C.**

By: _____
Karen K. Milhollin
Texas Bar No. 00790180
George H. Lugrin
Texas Bar No. 00787930
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas 77056-6125
(713) 871-9000 - Telephone
(713) 871-8962 - Facsimile

**ATTORNEYS FOR DEFENDANTS ST. PAUL SURPLUS LINES INS. CO. as Subrogee and Real Party in Interest for Hollimon Oil Corporation, FELICIANA CORP., DUNCAN UNDERWOOD, EVERETT DeSHA & SEELIGSON OIL COMPANY, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of St. Paul Surplus Lines Insurance Company as Subrogee and Real Party in Interest for Hollimon Oil Corporation, Feliciana Corporation, Duncan Underwood, Everett DeSha, and Seeligson Oil Company, Ltd., has been served upon all counsel of record this ____ day of May, 2007 via first class mail.

Terry W. Rhoads
COTTON, BLEDSOE, TIGHE & DAWSON
P.O. Box 2776
Midland, Texas 79702
ATTORNEYS FOR MID-CONTINENT
CASUALTY CO.

Lamont A. Jefferson
Micah E. Skidmore
HAYNES & BOONE, L.L.P.
112 East Pecan St., Suite 1600
San Antonio, Texas 78205
COUNSEL FOR HOLLIMON OIL CORPORATION,
J. CHARLES HOLLIMON, LTD.; and MANDALAY GROUP, L.L.C.

George H. Lugrin, IV