IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 2 4 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § | |
| VS. | § § § | |
| BAY ROCK OPERATING COMPANY, ST. PAUL SURPLUS LINES INSURANCE COMPANY, as insurer of HOLLIMON OIL COMPANY and J. CHARLES HOLLIMON, INC. and as alleged subrogree/real party in interest of HOLLIMON OIL CORPORATION, BERTRAND BAETZ, JR., JUDY BARKER, SCOTT BROWN, GAPCO ENERGY, LLC, HANSON RESOURCES COMPANY, JESSIE HELLUMS, ANNE MEREDITH HOLLIMON TRUST, JANE ELIZABETH HOLLIMON TRUST, KAY HOLLIMON, ANNE C. HORN, 2001 LONG BALL, LTD., ROBERT MAGEE, INC., MEDINA EXPLORATION COMPANY, DBM INTERESTS, LTD., ROBERT SCOTT, THREE LEE MINERALS, LLC, TRIDUNDA, LTD., U.S. ENERCORP, LTD., J. CHARLES HOLLIMON, LTD., SALEM CREEK OIL & GAS, INC., THREE LEE INVESTMENTS, LTD., DAVID WALKER, and against FELICIANA CORPORATION, DUNCAN UNDERWOOD, EVERETT DESHA, and SEELIGSON OIL COMPANY, LTD. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | NO. SA 07 CA 0274 OG |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Plaintiff, Mid-Continent Casualty Company ("Mid-Continent") files this action against

Defendants Bay Rock Operating Company ("Bay Rock"), St. Paul Surplus Lines Insurance

Mid: 010747\000004\571126.1                    Plaintiff's Second Amended Complaint
                                                                          Page 1

Company ("St. Paul"), as insurer and alleged subrogee of Hollimon Oil Corporation ("HOC"), J. Charles Hollimon, Ltd. ("CJH"), Bertrand Baetz, Jr., Judy Barker, Scott Brown, GAPCO Energy, LLC, Hanson Resources Company, Jessie Hellums, Anne Meredith Hollimon Trust, Jane Elizabeth Hollimon Trust, Kay Hollimon, Anne C. Horn, 2001 Long Ball, Ltd., Robert Magee, Inc., Medina Exploration Company, DBM Interests, Ltd., Robert Scott, Three Lee Minerals, LLC, Tridunda Ltd., U.S. Enercorp, Ltd., Salem Creek Oil & Gas, Inc., Three Lee Investments, Ltd., David Walker, and against Feliciana Corporation ("Feliciana"), Everett DeSha ("DeSha"), Duncan Underwood ("Underwood"), and Seeligson Oil Company, Ltd. ("Seeligson"), and would show the Court as follows:

## PARTIES

1. Mid-Continent is a general liability insurance company organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

2. Bay Rock Operating Company is a Texas corporation with its principal office and place of business in San Antonio, Bexar County, Texas. Bay Rock has answered in this case.

3. St. Paul is an insurance company which provided Control of Well insurance to Hollimon Oil Company and J. Charles Hollimon, Inc. St. Paul does business in Texas and has previously answered herein asserting it is a subrogee and real party in interest as to HOC, CJH, and most recently to the remaining working interest owners (see style of the case) in the Striebeck No. 1 Well located in Live Oak County, Texas.

4. Feliciana is a Texas corporation with its principal place of business in Houston, Harris County, Texas. Feliciana has answered in the case.

5. Duncan Underwood is an individual residing in Houston, Harris County, Texas, who has also appeared and answered.

6. Everett DeSha is an individual residing in Houston, Harris County, Texas, who has also appeared and answered.

7. Seeligson is a Texas limited partnership with its principal place of business in Houston, Harris County, Texas. Seeligson Management, L.L.C. is its general partner. Seeligson has also answered.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different States. Venue is proper in the Western District as several defendants reside in the Western District.

## FACTS

9. Mid-Continent issued a comprehensive general liability policy ("GGL") policy to Bay Rock for the policy period from 6/30/2003 to 6/30/2004 (Exhibit "P-1"). This policy was assigned number 04-GL-000119051 (the "Bay Rock CGL"). Mid-Continent also issued a Commercial Umbrella Policy for the same policy period as the Bay Rock CGL (Exhibit "P-2"). The Commercial Umbrella Policy was assigned number XS125125 (the "Bay Rock Umbrella"). The basic CGL coverage was modified with various endorsements, conditions, exclusions and waivers. For example, one endorsement is the Oil & Gas Endorsement, which modified the basic CGL coverage. The Bay Rock Umbrella is also modified with various endorsements, conditions, exclusions and waivers, as set forth in more detail below.

10. St. Paul provided Control of Well insurance to Hollimon Oil Company and J. Charles Hollimon, Inc. pursuant to Policy No. MU05505777, a copy of which is attached as Exhibit "P-3".

11. In July and August, 2003, Bay Rock provided design, consulting and supervision services to Hollimon Oil Corporation ("HOC") for the drilling of a wildcat well in Live Oak County, Texas, known as the Striebeck No. 1 (the "Well"). HOC was the operator of the well during its drilling under a daywork contract with Unison Drilling Company, when control was lost and a blowout occurred on or about August 6, 2003.

12. Shortly after the Well blowout, St. Paul was notified by HOC about the situation. HOC sought and demanded payments from St. Paul. However, St. Paul asserted that there was no coverage for HOC's claim relating to the Well. Later, as a business consideration and without recognizing coverage, St. Paul purportedly paid Hollimon Oil Company and J. Charles Hollimon, Inc. the total sum of $2,857,787.65 as a settlement.

13. Plaintiff will show that the payments made by St. Paul to Hollimon Oil Company and J. Charles Hollimon, Inc. were not in accordance with the Control of Well policy, and that St. Paul is not subrogated to any of the plaintiffs' rights or claims in the State Lawsuit. St. Paul made a business decision to make payments to its purported insureds and obtained a release far more expansive than the matters which may otherwise been construed as a covered claim under the Control of Well policy. Based on information and belief, St. Paul received no Proof of Loss from its insureds, and no payments were made to any insured as reimbursement.

14. St. Paul, as alleged subrogee of HOC and all working interest owners, along with four working interest owners (Feliciana, Underwood, DeSha, and Seeligson) suing in their individual capacities, filed suit against Bay Rock in the 45th Judicial District Court of Bexar County, Texas, Cause No. 2005ci03287 (the "State Lawsuit") alleging that Bay Rock is responsible for damages in excess of $2,857,787.65. Defendants herein filed their Fourth Amended Petition in the State lawsuit on or about July 24, 2007 ("Exhibit "P-4").

Mid: 010747\000004\571126.1                                            Plaintiff's Second Amended Complaint
                                                                                                     Page 4

15. Feliciana, Underwood, Desha, and Seeligson are non-operating working interest owners in the Well and are also seeking relief independent of St. Paul's subrogation claim in the State Lawsuit.

16. Defendants allege causes of action against Bay Rock in the State Lawsuit of negligence and gross negligence complaining that:

    a) Bay Rock selected an inadequate drilling rig to drill the Well;

    b) Bay Rock failed to properly plan and provide written instructions for the drilling of the Well; and

    c) Bay Rock failed to properly supervise the drilling of the Well.

17. Defendants also allege, in the State Lawsuit, that Bay Rock contracted with Defendants to design the Well and to plan and supervise the drilling of the Well. Defendants assert in the State Lawsuit that Bay Rock breached the contract causing injury to them. Defendants seek recovery of attorney's fees against Bay Rock in the State Lawsuit for the alleged breach of contract.

18. Of the multi-million dollar claim asserted by Defendants herein against Bay Rock in the State Lawsuit, they previously represented that the damages were adjusted and placed in the following categories:

| | |
|---|---|
| Control of the Well | $1,679,503 |
| Repair, completion and evaluation Of the Well | 2,386,250 |
| Lost gas sales from blowout | 1,500,000 |
| Redrill well known as the Dougherty-Striebeck Gas Unit No. 1 | 2,214,482 |
| TOTAL | $7,780,235 |

19. St. Paul alleges in the State Lawsuit that it is the real party in interest with respect to part of the damage for which recovery not in excess of $2,857,787.65 is sought.

20. In the State Lawsuit, Bay Rock denies St. Paul has the capacity to sue as subrogee of HOC and the working interest owners, that it has any liability, and challenges the damages claimed.

21. Mid-Continent is providing Bay Rock a defense in the State Lawsuit under reservation of rights, notifying Bay Rock that there exists significant questions about the scope of coverage, if any. Mid-Continent expressly reserved the right to resolve any coverage issues by a lawsuit for declaratory or other relief.

22. Mid-Continent seeks declaratory judgment that St. Paul is neither entitled to status as a subrogee nor does it have standing to recover from Bay Rock or its insurer, Mid-Continent, for amounts St. Paul paid in settlement. As such, St. Paul is not subrogated to its payment of $2,857,787.65 and has no right to recover against Bay Rock or claim interest in Bay Rock's CGL or Umbrella policies in which Mid-Continent is insurer.

23. Mid-Continent also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Bay Rock CGL policy and the Bay Rock Umbrella afford no coverage for the following categories of damages sought against Bay Rock in the State Lawsuit:

   a. Control of the Well;
   b. Loss of the hole;
   c. Redrill;
   d. Completion and evaluation;
   e. For equipment lost or damaged beneath the surface in the Well;
   f. All contractual liability;
   g. Property damage to real property arising out of Bay Rock's operations; and
   h. Property that had to be restored, repaired or replaced if Bay Rock's work was incorrectly performed on it.

24. The Bay Rock CGL and Bay Rock Umbrella provide coverage because of "occurrences" as defined in the policy and for "bodily injury" and "property damage" as defined in the policy. The State Lawsuit does not allege any bodily injury and, therefore, this coverage is inapplicable.

Mid: 010747\000004\571126.1                                Plaintiff's Second Amended Complaint
                                                                                          Page 6

25. The latest amended petition in the State Lawsuit expressly seeks damages from Bay Rock for breach of contract. The Bay Rock CGL and Bay Rock Umbrella expressly exclude coverage for "property damage" arising from liability assumed in a contract or agreement (Section 1, Coverage A, 2. Exclusions, b. of CGL, Section I, Coverage A, 2.b. of Bay Rock Umbrella and Section B., 2. of the Oil Industries Limitation Endorsement of the Bay Rock Umbrella). Thus, Mid-Continent seeks judgment declaring it has no responsibility or obligation for a defense and indemnity of Bay Rock under either policy relating to the contractual claims asserted in the State Lawsuit. Because the claim for attorney's fees in the State Lawsuit is derivative of and dependent upon the contractual claim, Mid-Continent is also not obligated to cover or pay for any attorney fees sought by the plaintiffs in the State Lawsuit, for which declaration Mid-Continent also seeks judgment.

26. Although the amended petition in the State Lawsuit seeks undisclosed types and amounts of damages against Bay Rock, discovery has revealed the character of the damages sought such that no coverage, and thus no obligation of Mid-Continent, exists as to certain claims.

27. Because the claims of Defendants herein in the State Lawsuit seek exemplary damages against Bay Rock, Mid-Continent is entitled to judgment declaring it has no obligation to defend or pay any judgment entered against Bay Rock for exemplary damages. Bay Rock's CGL only provides coverage for damages due to "bodily injury" or "property damage" caused by an "occurrence". This insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured. Accordingly, any award in the State Lawsuit of punitive or exemplary damages against Bay Rock does not qualify as "property damage" caused by an "occurrence" as those terms are defined by the policy. Further, any award of punitive and

exemplary damages is specially excluded under the Bay Rock CGL (Section 1, Coverage A, 2. Exclusions, a. of CGL and Section I, Coverage A, 2.a. of the Bay Rock Umbrella).

28. As provided in the Oil & Gas Endorsement to the Bay Rock CGL, this insurance does not apply to:

> 1. "Property damage" included within the "Underground Equipment Hazard"; or
>
> 2. The cost of reducing any property, included within the "Underground Equipment Hazard" to physical possession above the surface of the earth or of any body of water, or to the expense incurred or rendered necessary to prevent or minimize "property damage" to other property resulting from acts or omissions causing "property damage" included within the "Underground Equipment Hazard".

"Property damage" means, for purposes of Bay Rock's CGL:

"a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property."

Also, "Underground Equipment Hazard" includes "property damage" to any casing, pipe, bit, or tool, pump or other drilling or well servicing machinery or equipment located beneath the surface of the earth in any such well or hole...in which you have a legal liability. Based upon the claims of the Defendants herein against Bay Rock in the State Lawsuit, Mid-Continent respectfully requests a judgment declaring that there is no coverage for, nor a duty to defend against, claims asserting recovery of damages to property below the surface of the earth or costs

of reducing such property to physical possession of the surface, or to the expense incurred or rendered necessary to prevent or minimize property damage to other property resulting from acts or omissions causing "property damage" included within that defined under "Underground Equipment Hazard" of the Bay Rock CGL. Mid-Continent also asserts the exclusions and limitations set forth in the Oil Industries Limitation Endorsement of the Bay Rock Umbrella (the "OILE"). See Section A. 9 of the OILE as the exclusion mirroring the exclusion described in the Bay Rock CGL, above.

29. Mid-Continent further asserts that the Bay Rock CGL expressly excludes coverage, and thus the duty to defend, for any costs or expense associated with loss of hole, including but not limited to the cost of plugging, replugging or abandoning of any well (Oil and Gas Endorsement V. B of Bay Rock CGL, and OILE, Section A.4.) Those damages as asserted in the State Lawsuit relating to control of well and repair and completion and evaluation of the Well as they relate to any cost or expense associated with loss of hole, are expressly excluded under Bay Rock CGL and the Bay Rock Umbrella.

30. Mid-Continent will show that costs and expenses incurred to control the Well are not covered under either the Bay Rock CGL or the Bay Rock Umbrella. The costs and expenses incurred for control of the Well are neither "bodily injury" nor "property damage" as those terms are defined by the policies. (See Section V – Definitions, paragraph 17 at page 15 of 16, Commercial General Liability Coverage Form & Section VI – Definitions, paragraph 16 at page 14 of 15, Commercial Umbrella Policy). Alternatively, there is a specific exclusion of coverage for "any cost or expense by you or at your request or by or at the request of any "Co-owner of the Working Interest" in connection with controlling or bringing under control any oil, gas or water well." (Section V A. of the Oil and Gas Endorsement of the Bay Rock CGL and See,

Paragraph A.6. of O1LE). Accordingly, Mid-Continent is not responsible under its policies for costs or expenses incurred in the control of the Well, which are or may be claimed by Defendants.

31. There is no coverage for removal of, loss of, or damage to subsurface oil, gas or any other substance, the property of others (Bay Rock Umbrella (Paragraph A.3 of O1LE).

32. Defendants herein, as plaintiffs in the State Lawsuit also seek damages from Bay Rock for a new well. Those costs do not qualify or fall within the definition of "property damage" from an "occurrence" as defined under the policy and therefore, Mid-Continent seeks judgment declaring that there is no coverage, and thus no duty to defend Bay Rock, relating to the costs associated with the "redrill well known as the Dougherty – Striebeck G.U. #1". Mid-Continent also asserts that the policy excludes the costs and alleged "damages" claimed by plaintiffs in the State Lawsuit relating to the Dougherty – Striebeck G.U. #1, as provided under Section V, Paragraph B of the Oil and Gas Endorsement, which is a part of the Bay Rock CGL and Section A.3. – 6. of the OILE.

33. To the extent applicable, and because there may be new facts learned during discovery in this case, Mid-Continent claims entitlement to all limitations, restrictions, endorsements, exclusions, and conditions of the Bay Rock CGL, and without waiving same, asserts all such contained therein, including but not limited to exclusions j.(3), j.(4), j.(5), j.(6), l., m., n., set forth in the Commercial General Liability Coverage Form, Section 1 Coverage A, paragraph 2, and the applicable endorsements comprising the Bay Rock CGL, and those under Sections A, 2. – 9., and B. 2. of the OILE of the Bay Rock Umbrella.

WHEREFORE, Plaintiff Mid-Continent Casualty Company requests that Defendants be cited to appear and answer, and that on final trial of this cause the Court enter a declaratory

judgment holding that St. Paul is not subrogated to the rights/claims of its insureds under the circumstances or alternatively not to the extent asserted, that St. Paul has no standing to assert claims for recovery directly against Bay Rock or indirectly against Mid-Continent, and that Mid-Continent has no duty to defend Bay Rock in the State Lawsuit relating to the coverage claims identified above. Mid-Continent further prays for judicial declaration that the Bay Rock CGL and the Bay Rock Umbrella provide no coverage for, and thus no duty to defend, the following claims asserted in the State Lawsuit:

    A. Claims of and related to a breach of contract, including attorney's fees claims therein;

    B. All awards and claims for exemplary and/or punitive damages;

    C. All claims and damages related to "property damage" of any equipment or property located beneath the surface of the earth at the time of the occurrence which Bay Rock may have a legal liability to pay;

    D. All costs of reducing any property beneath the surface at the time of the occurrence to physical possession above the surface;

    E. For any expense incurred or rendered necessary to prevent or minimize property damage to other property resulting from acts or omissions causing "property damage" beneath the surface from the occurrence;

    F. Costs and expense associated with loss of hole,

    G. All costs and expense associated with drilling of the well known as the Dougherty – Striebeck Gas Unit No. 1;

    H. All costs and expense related to the completion and evaluation of the Striebeck No. 1, including completion and attempted completion costs in zones and strata above the zone where drilling at the time of the occurrence;

I. All costs and expenses to control the Well;

J. Lost oil, gas and other substances;

K. All costs, expenses and awards which do not fall within the coverage of the policy; and

L. All costs, expenses and awards which are excluded under the policy; all for which judgment and relief Plaintiff respectfully prays. Plaintiff further prays for recovery of its attorney's fees and court costs. Finally, Plaintiff prays for general relief.

Respectfully submitted,

/s/Terry W. Rhoads
By: _____
Terry W. Rhoads
State Bar No. 16811750
of
COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
432/684-5782
432/682-3672 (FAX)
ATTORNEYS FOR PLAINTIFF,
MID-CONTINENT CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of August 2007, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Karen K. Milhollin
George H. Lugrin
WESTMORELAND HALL, P.C.
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas 77056-6125

Steven D. Browne
CLEMENS & SPENCER P.C.
112 East Pecan Street, Suite 1300
San Antonio, Texas 78205

Lamont A. Jefferson
Micah E. Skidmore
HAYNES & BOONE, L.L.P.
112 East Pecan St., Suite 1600
San Antonio, Texas 78205

/s/Terry W. Rhoads
_____
Terry W. Rhoads