IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY, <br>      Plaintiff, <br> v. <br><br> BAY ROCK OPERATING COMPANY, ST. PAUL SURPLUS LINES INSURANCE COMPANY, as insurer of HOLLIMON OIL COMPANY and J. CHARLES HOLLIMON, INC., and as alleged subrogee/real party in interest of HOLLIMON OIL CORPORATION, BERTRAND BAETZ, JR., JUDY BARKER, SCOTT BROWN, GAPCO ENERGY, LLC, HANSON RESOURCES COMPANY, JESSE HELLUMS, ANNE MEREDITH HOLLIMON TRUST, JANE ELIZABETH HOLLIMON TRUST, KAY HOLLIMON, ANNE C. HORN, 2001 INC., MEDINA EXPLORATION COMPANY, DBM INTERESTS, LTD., ROBERT SCOTT, THREE LEE MINERALS, LLC, TRIDUNDA, LTD., U.S. ENERCORP LTD., J. CHARLES HOLLIMON, LTD., SALEM CREEK OIL & GAS, INC., THREE LEE INVESTMENTS, LTD., DAVID WALKER, and against FELICIANA CORPORATION, DUNCAN UNDERWOOD, EVERETT DeSHA, and SEELIGSON OIL COMPANY, LTD. <br><br>      Defendants. | NO.   SA 07 CV 0274 OLG |

**DEFENDANTS' ADVISORY TO THE COURT IN RESPONSE
TO THE MAGISTRATE'S ORDER OF NOVEMBER 13, 2007,
REGARDING THE PROCEDURAL DISPOSITION OF THE CASE**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendants Bay Rock Operating Company, St. Paul Surplus Lines Insurance Company (as subrogee and real party in interest for Hollimon Oil Corporation), Feliciana Corporation, Duncan Underwood, Everett DeSha and Seeligson Oil Company, Ltd., in response to the Magistrate's Order of November 13, 2007, which requested further information regarding their joint motion to suspend deadlines, advise the Court that they believe a three-month abatement of this case is appropriate for the following reasons.

This is a declaratory judgment case brought by Mid-Continent to determine whether there is insurance coverage for all or part of a judgment which may be entered against its insured, Bay Rock Operating Company, in underlying Cause No. 2005ci03287; *Hollimon Oil Corporation, et al. v. Bay Rock Operating Company*, In the 45th Judicial District Court of Bexar County, Texas. The information and facts set forth below regarding the underlying case is provided only as background information for the court regarding the proposed abatement. The parties are unable to agree as to the facts which have occurred in the underlying litigation, and therefore recognize that the recital set forth below is subject to dispute between them, and do not intend them to be an admission or stipulation by any of them, or binding as to this litigation.

### History of the Underlying Litigation

1.     The underlying case involved a blowout of the Streibeck No. 1 Well in Live Oak County, Texas. Hollimon is the contract operator of the well. Feliciana, Duncan Underwood, Everett DeSha and Seeligson own 35% of the well. The additional twenty-one (21) defendants named by Mid-Continent in this case own the remaining sixty-five percent (65%) interest. Bay Rock was retained by Hollimon to design, plan and supervise drilling of the well. Unison Drilling, Inc., was hired to drill the well. The well blew out during drilling operations on August 6, 2003.

2.      Hollimon was obligated under the joint operating agreement to obtain well-control insurance. It obtained a well-control policy through St. Paul Surplus Lines Insurance Company. Hollimon was the named assured on the policy. Hollimon made a claim under the policy and St. Paul paid $2,857,787.65 to Hollimon.

3.      On March 1, 2005, St. Paul filed the underlying suit (in Hollimon's name) against Bay Rock, in its capacity as the subrogee of Hollimon, seeking as damages the $2,857,787.65 it had paid. The 35% interest owners Feliciana Corporation, Duncan Underwood, Everett DeSha and Seeligson Oil Company, Ltd., also sued individually claiming uninsured damages. The suit alleged negligence, gross negligence, and breach of contract by Bay Rock. Unison Drilling, Inc., was designated as a responsible third party.

4.      Prior to trial, Bay Rock moved to dismiss St. Paul from the case on the grounds that St. Paul had sued only in the name of Hollimon, and had not named the remaining 65% interest owners. Bay Rock argued that St. Paul had not asserted any subrogation claim of those remaining 65% interest owners, and that the 65% interest owners were necessary parties to the extent St. Paul sought recovery of an alleged 100% subrogated interest. Although St. Paul disagreed that it was not properly subrogated through its named assured Hollimon (in its capacity as the operator), St. Paul added the names of the 65% interest owners as plaintiffs in the petition to whom it claimed a subrogation interest. The amended petition did not allege individual claims or damages on behalf of the 65% interest owners.

Bay Rock later moved for summary judgment against the 65% interest owners on the ground that the statute of limitations barred their claims. During the trial of the case, the trial court granted the summary judgment motion, and dismissed the 65% interest owners as plaintiffs.

5.     On August 20, 2007, the case was called to trial, and tried to a jury. The jury made affirmative findings on both the negligence and the breach of contract theories. It found that Bay Rock was 51% negligent and Unison Drilling was 49% negligent. The jury awarded Hollimon the same damages under both theories of liability:

| | |
|---|---|
| Costs to control the Striebeck No. 1 well: | $1,527,476.00 |
| Cost to repair, complete and evaluate the Striebeck well: | $2,000,000.00 |
| Cost of lost gas in the Striebeck well: | $1,000,000.00 |
| Cost to redrill the Striebeck well: | $0 |

Attached as Exhibit "A" is a true and correct copy of the jury charge and questions completed by the jury.

6.     After the verdict, the judge requested an election of damages by plaintiffs and submission of a proposed judgment. There was a delay of several weeks while St. Paul and Bay Rock attempted to agree to a form of judgment. Eventually, St. Paul elected negligence damages and submitted a proposed judgment to the trial court. The proposed judgment is attached as Exhibit "B." The proposed judgment names St. Paul, as subrogee and real party in interest for Hollimon Oil Corporation, Feliciana Corporation, Duncan Underwood, Everett DeSha and Seeligson Oil Company, Ltd., as judgment holders, and requests judgment in the total amount of $3,362,294.00.

7.     At a hearing on November 5, 2007, the trial judge requested briefing by November 16, 2007, on the following issues in dispute:

   a.     Whether Plaintiffs are entitled to prejudgment interest for all negligence damages awarded by the jury because tangible property damage was found, or whether the damages are economic loss only for which prejudgment interest is not allowed;

    b.  Whether Bay Rock is entitled to an offset of damages for the percentage of responsibility assigned by the jury to driller Unison Drilling, Inc., or whether Bay Rock is jointly and severally liable for all of the damages because the jury found Bay Rock 51% negligent;

    c.  Whether Plaintiffs Feliciana Corporation, Duncan Underwood, Everett DeSha and Seeligson Oil Company, Ltd., are barred from recovering their proportionate share of negligence damages awarded to Hollimon because no questions were submitted to the jury relating to their claims, or whether there was an agreement between the court and counsel to leave the determination of individual percentages of recovery until after the verdict.

  The briefs have now been submitted, and no additional hearings have been requested or set by the trial court. The parties are awaiting entry of final judgment and anticipate post-judgment motions will be filed.

## Merits of an Abatement

  8.  This Court has discretion to abate this case until the underlying judgment is entered, or alternatively, until the time for post-judgment motions and the thirty-day appeal period has passed. All parties agree that a short-term abatement will not prejudice any of the parties and will give the parties time to assess the claims and narrow the issues for this cause.

  9.  It is St. Paul's position that this declaratory judgment is premature because the justiciability of the case is dependent upon the entry of the underlying judgment setting forth the judgment holders, the type and nature of damages awarded, and the amount of damages awarded. *See Ranger Insurance Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682, 683-84 (5th Cir. 1974). Once final judgment is entered, jurisdiction over the defendants is proper, and coverage for the judgment becomes justiciable. *Aetna Casualty & Surety Co. v. Metropolitan Baptist Church*, 967

F. Supp. 217, 224 (S.D. Tex. 1996); *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1027 (N.D. Tex. 1995). It is therefore appropriate to abate this case until the underlying judgment is entered, and, if necessary, the time for post-judgment motions and the thirty-day appeal period has passed.

10. An abatement will most likely resolve the issue of whether the 21 additional interest owners (65% interest group) are necessary defendants in this case. Mid-Continent is concerned that the 65% interest holders who were dismissed from the underlying case by the trial judge may appeal their dismissal. An appeal by them, Mid-Continent argues, would make them future potential judgment holders and thus proper defendants in this case. Mid-Continent and Bay Rock assert that St. Paul was not properly subrogated to the 65% interest group, and that any subrogation amount is reduced by 65%.

11. [The contents of paragraph 11 set forth St. Paul's position and is not adopted by Bay Rock.] It is St. Paul's position that whether or not the dismissal of the 65% interest owners is appealed in the underlying case, it affects only the amount to which St. Paul is subrogated, and the amount of damages that it may recover in the underlying judgment. The underlying suit was brought by St. Paul in subrogation for recovery of insured damages, and by the 35% interest owners for their individual uninsured damages. St. Paul brought suit in the name of its insured Hollimon, even though Hollimon was not a party to the suit, and was bringing no individual claim for damages. *See Prudential Property and Casualty Co. v. Dow Chevrolet-Olds, Inc.*, 10 S.W.3d 97 (Tex. App. – Texarkana, 1999) (An insurer asserting a subrogation claim *without* the insured may sue in its own name or in the insured's name). St. Paul, holding the subrogated interest, is the underlying judgment holder. For that reason, Mid-Continent has dismissed Hollimon from this case.

Similarly, St. Paul added the names of the 65% interest holders to the list of plaintiffs after

Bay Rock objected that Hollimon did not own the 100% interest, and could not be subrogated to 100% of the damages through Hollimon alone. Just as with Hollimon, the 65% interest holders were added in name only and brought no individual claims. Whether St. Paul was obligated to sue in Hollimon's name, or obligated to add the names of the 65% interest holders to the petition, and whether it is subrogated to 100% of the interest or a lesser amount, will be determined in the underlying suit. The amount of the underlying judgment may change as a result, but the holder of the judgment will not change: St. Paul is the judgment holder for insured damages in the amount of its subrogation interest, and the 35% interest owners are the judgment holders for their individual claims of uninsured damages. Mid-Continent is barred under *Employers Cas. Co. v. Block*, 744 S.W.2d 940 (Tex. 1988), from collaterally attacking the validity of the underlying judgment and the issues determined in the underlying suit.

12.     Bay Rock is also in agreement with an abatement period. Mid-Continent is asserting that there is no coverage for an underlying judgment, or for portions of the underlying judgment. Bay Rock does not have sufficient assets to pay the judgment or to prosecute its own appeal of the underlying case. After the underlying judgment is entered, St. Paul and Mid-Continent will have to make a decision whether to pursue their respective appeals or try to resolve the dispute. Mid-Continent will have to decide whether to continue its defense of Bay Rock in the underlying suit and fund an appeal bond for any judgment that is entered. Bay Rock does not have sufficient assets to satisfy the judgment St. Paul seeks. Bay Rock may be forced into bankruptcy if the judgment sought is entered, and it seeks to delay further expense in this case as long as possible.

## Conclusion

All of the parties agree that an abatement, at least until the entry of an underlying judgment,

is in the best interests of the parties, and will promote judicial economy and efficiency because entry of judgment will determine the proper parties to this action as well as the coverage issues to be decided. The parties agree that entry of the underlying judgment will stimulate additional settlement discussions between them, which may make further litigation in this case unnecessary, or at the very least, may result in a narrowing of the issues to be decided. The parties also agree that it is in the assured Bay Rock's best financial interest to await entry of the underlying judgment and possibly avoid bankruptcy. For these reasons, the parties respectfully request an abatement up to three months, and St. Paul suggests, alternatively, that an abatement until entry of the underlying judgment and expiration of the time for the filing of an appeal may be more appropriate.

Respectfully submitted,

By: /s/ *Karen K. Milhollin*
Karen K. Milhollin
Texas Bar No. 00790180
George H. Lugrin
Texas Bar No. 00787930
WESTMORELAND HALL, P.C.
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas  77056-6125
(713) 871-9000 - Telephone
(713) 871-8962 - Facsimile

**ATTORNEYS FOR ST. PAUL SURPLUS LINES INS. CO. as Subrogee and Real Party in Interest for Hollimon Oil Corporation, and FELICIANA CORP., DUNCAN UNDERWOOD, EVERETT DeSHA & SEELIGSON OIL COMPANY, LTD.**

and

By: /s/ *Steven D. Browne*
Steven D. Browne
Texas Bar No. 03216500

8

>CLEMENS & SPENCER, P.C.
>112 East Pecan Street, Suite 1300
>San Antonio, Texas 78205
>
>**ATTORNEYS FOR BAY ROCK OPERATING COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Defendants' Advisory to the Court in Response to the Magistrate's Order of November 13, 2007, Regarding the Procedural Disposition of the Case on this the 27th day of November, 2007, with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the following counsel of record, and that I sent a copy also by electronic mail to the following counsel of record:

Terry W. Rhoads
COTTON, BLEDSOE, TIGHE & DAWSON
P.O. Box 2776
Midland, Texas 79702
ATTORNEYS FOR MID-CONTINENT
CASUALTY CO.

>/s/ *Karen K. Milhollin*
>Karen K. Milhollin